UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AMRO ELANSARI, :
        Petitioner :
  vs. : CIVIL NO. 1:CV-14-1588
 :
COMMONWEALTH OF : (Judge Caldwell)
PENNSYLVANIA, *et al.*, :
 :
        Respondents :

*M E M O R A N D U M*

I.   *Introduction*

On August 13, 2014, the pro se petitioner, Amro Ayman Elansari, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, Pet.) . For the reasons set forth below, the petition will be summarily dismissed without requiring a response from the Respondents.[1]

II.   *Background*

On May 10, 2014, Elansari was arrested by the Bloomsburg University Police Department for intentionally possessing a controlled substance by a person not registered, 35 P.S. § 780-113(a)(16), and the possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31).[2] At the time of filing his petition, Elansari was awaiting his preliminary

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ( "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner)." As will be seen below, this petition is governed by 28 U.S.C. § 2241, but we can apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the 2254 rules. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

[2] The court takes judicial notice of the docket sheets in *Commonwealth v. Elansari*,
(continued...)

hearing on these charges, and that hearing was held on August 13, 2014.  The magisterial district judge held the charges over for court.  Petitioner's formal arraignment in the Columbia County Court of Common Pleas is scheduled for September 29, 2014.  He remains free on unsecured bond of $5,000.00.

Elansari claims he is currently being held by state authorities as a pre-trial detainee even though he is "not in custody."[3]  (Doc. 1, ECF p. 1).  He argues that as an "arestee" (sic) he is now labeled as a "criminal," and cannot apply for a position as a teacher, and therefore he is "being detained and deprived of [his] liberty." (*Id.*, ECF pp. 1-2).  He also suggests that the prosecution is delaying his preliminary hearing for punitive reasons. (*Id.*, ECF pp. 2-3).

In his petition, Elansari is challenging the constitutionality of the law under which he has been charged.  He argues that the prohibition of small amounts of marijuana for private and personal use in one's home violates the Fifth Amendment. (*Id.*, ECF p. 7).  As relief, Elansari requests that the court declare the state law unconstitutional on its face. (*Id.*, ECF p. 8).

III.   *Discussion*

Typically, a federal court will entertain a request for habeas relief after the state-court judgment is entered, and do so under 28 U.S.C. § 2254, but we also have

---

[2](...continued)
MJ-26201-CR-00002–02014 (M.J. Russell L. Lawton) and *Commonwealth v. Elansari*, CP-19-CR-0000680-2014 (Columbia Cnty. Ct. Com. Pl.), both available through the Pennsylvaina's Unified Judicial Docket System docket research at https://ujsportal.pacourts.us/.

[3] He lists his present address as Penwyllt Court, in Exton, Pennsylvania.  (*Id.*)

authority under 28 U.S.C. § 2241(c)(3) to grant habeas relief before a judgment is entered in the state-court criminal proceedings. *See Moore v. DeYoung*, 515 F.3d 437, 441-42 (3d Cir. 1975). *See also Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (nonprecedential) (quoting *Moore*)(summarily affirming dismissal of § 2241 petition alleging improper warrantless arrest and excessive bail because of failure to exhaust); *Chambers v. DeRose*, No. 10-2070, 2010 WL 4623897, at *2 (M.D. Pa. Nov. 5, 2010).

A section 2241 petitioner seeking to invoke our "pretrial" habeas jurisdiction must have exhausted state-court remedies and must also make "a special showing of the need" for us to adjudicate his petition at such an early juncture. *Moore*, 515 F.2d at 443. If he has not exhausted his remedies, we may still adjudicate his petition if there are "extraordinary circumstances." *Id.*

While the court has jurisdiction under § 2241 to entertain Elansari's pretrial habeas corpus petition, it is clear that he is not entitled to habeas relief. To the extent that he has raised any federal constitutional claims in his petition, he has failed to exhaust them. In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). As Elansari has yet to be arraigned in the Columbia County Court of Common Pleas, the trial court has not yet had an opportunity to rule on his claims. Clearly, his claims are unexhausted.

We can therefore only consider his petition if there are extraordinary circumstances. No extraordinary circumstances are present here. Adequate state-court review remains available to Elansari "at trial and thereafter, on appellate review." *Moore*, 515 F.2d at 445. Petitioner may be displeased with the pace of his state-court proceedings, but that is not an extraordinary circumstance requiring adjudication of a

pretrial habeas petition.

        We will issue an appropriate order.


                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date:  August 25, 2014